UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID L. DOTSON, | ) | CASE NO. 1:24-cv-1081 |
| Petitioner, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | ) | |
| WARDEN HAROLD MAY, | ) | **MEMORANDUM OPINION AND ORDER** |
| Respondent. | ) | |

*Pro se* Petitioner David L. Dotson, an Ohio prisoner currently incarcerated in the Mansfield Correctional Institution, filed this action seeking habeas corpus relief under 28 U.S.C. § 2254. Petitioner filed his original petition on June 25, 2024 (Doc. 1) and an amended petition on July 26, 2024 (Doc. 3). On September 6, 2024, Petitioner filed a Motion/Request for an Order Directing Respondent to File a Return of Writ. (Doc. 4.) For the reasons below, the petition for a writ of habeas corpus is DENIED without prejudice. Petitioner's Motion/Request for an Order Directing Respondent to File a Return of Writ is DENIED as moot.

Both the original and amended petition concern an August 2023 riot in a housing unit at the Lake Erie Correctional Institute, where Petitioner was housed for a period of time. (Doc. 3 at 9, ¶¶ 2–4.)[1] Petitioner contends that he "took no part in the riot" but was nonetheless placed in segregation, issued a conduct report, and subjected to a disciplinary hearing. (*Id.* at 9–10, ¶¶ 6–7.) At this disciplinary hearing, petitioner was found guilty, his "security level was increased and he was transferred to the Mansfield Correctional Institution." (*Id.* at 10, ¶ 9.) Petitioner also states that in May 2024, the Ohio Department of Rehabilitation of Correction "extended

---

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

[Petitioner's] prison sentence, giving him an additional year, for the aforementioned disciplinary conviction." (*Id.* ¶ 10.)

Pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under § 2254, district courts are required to examine any habeas corpus petition filed in federal court and determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If so, the district court must dismiss the petition. Rule 4; *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding that district court has the duty to "screen out" habeas petitions that lack merit on their face).

Before a federal court may grant habeas corpus relief to a state prisoner, the prisoner must demonstrate that he or she has exhausted all remedies available to him in state court. *See* 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 843 (1999); *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995); *Dyer v. Evitts*, 900 F.2d 259 (Table), 1990 WL 47361, at *2 (6th Cir. Apr. 16, 1990) ("[P]etitioner's request for restoration of his good-time credits is prematurely raised in this habeas petition as he failed to first exhaust available state court remedies"). To be deemed properly exhausted, each claim must have been fairly presented to the state courts, including presenting each claim to the state's highest court. *Boerckel*, 526 U.S. at 845; *see also Wagner v. Smith*, 581 F.3d 410, 414–15 (6th Cir. 2009) (discussing fair presentation of claims to state courts).

Petitioner's filings do not indicate that he has fully and properly exhausted all administrative and/or state-court remedies available to him with respect to his claims. Therefore, Petitioner's claim for federal habeas corpus relief is prematurely raised.

Accordingly, Petitioner's writ of habeas corpus (Doc. 3) is DISMISSED without prejudice in accordance with Rule 4 of the Rules Governing Habeas Corpus Cases. The Motion/Request for an Order Directing Respondent to File a Return of Writ (Doc. 4) is DENIED as moot. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

Date: October 17, 2024

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE