UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID L. DOTSON, | ) | CASE NO.  1:24-cv-1081 |
| | ) | |
| Petitioner, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN HAROLD MAY, | ) | **OPINION AND ORDER** |
| | ) | |
| Respondent. | ) | |

Before the Court is *pro se* Petitioner David L. Dotson's ("Dotson" or "Petitioner")

Motion to Alter/Amend Judgment.  (Doc. 7.)  Respondent Warden Harold May ("May" or

"Respondent") filed an opposition (Doc. 13), and Dotson replied (Doc. 14).  For the reasons

stated herein, Dotson's Motion to Alter/Amend Judgment is DENIED.

## I.     BACKGROUND[1]

Dotson is serving a three-year term of incarceration and is presently housed at the

Mansfield Correctional Institution.  (*See* Doc. 3 at 9.)[2]  In October 2023, Dotson was referred to

a disciplinary hearing for alleged participation in an August 2023 riot.  (*Id.* at 10.)  After the

Rules Infraction Board's ("RIB") disciplinary hearing, Dotson was found guilty, his security

level was elevated, and he was transferred to Mansfield Correctional Institution.  (*Id.*)  Based on

Dotson's disciplinary conviction, the Ohio Department of Rehabilitation and Correction

extended Dotson's sentence by one year.  (*Id.*)

On June 25, 2024, Dotson filed a Petition for Habeas Corpus relief under 28 U.S.C. §

---

[1] A detailed summary of the underlying facts is laid out in the Court's October 17, 2024 Order
and incorporated herein.  (*See* Doc. 5.)

[2] For ease and consistency, record citations are to the electronically stamped CM/ECF document
and PageID# rather than any internal pagination.

2254.  (Doc. 1.)  The next day, Dotson filed an Amended Petition, requesting the Court overturn the disciplinary conviction.  (Doc. 3 at 10.)  On October 17, 2024, this Court denied Dotson's Amended Petition without prejudice for failure to exhaust administrative remedies.  (Doc. 5.)

Approximately two and a half months later, on January 2, 2025, Dotson filed a Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 56(e).  (Doc. 7.)  In his motion, Dotson asserted that under Ohio law, there is no "avenue to appeal an APA [Adult Parole Authority] finding."  (*Id.* at 19-20.)  To Dotson, the purported lack of available state court or administrative remedies proves he has exhausted the claim presented in his Amended Petition.  (*Id.* at 20.)

The Court ordered May to file an opposition to Dotson's Motion to Alter/Amend Judgment.  (April 2, 2025 Order.)  May filed an opposition (Doc. 13), and Dotson replied (Doc. 14).

## II.   <u>ANALYSIS</u>

Dotson's motion cited to Federal Rule of Civil Procedure 56(e).  This appears to be a typographical error because Rule 56(e) relates to motions for summary judgment.  Fed. R. Civ. P. 56(e).  Even if it is not a typographical error, *pro se* litigants like Dotson are entitled to a liberal construction of their pleadings and filings.  *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999).  As such, the Court construes Dotson's motion as one brought pursuant to Rule 59(e).

Rule 59(e) allows a party to file a motion to alter or amend a judgment "no later than 28 days after the entry of the judgment."  Fed. R. Civ. P. 59(e).  It is the movant's burden to demonstrate entitlement to relief.  *See Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007).  Motions to alter or amend judgment pursuant to Rule 59(e) may only be granted if there is a clear error of law, newly discovered evidence, an intervening change

in controlling law, or to prevent manifest injustice.  *ACLU of Ky. v. McCreary Cnty.*, 607 F.3d 439, 450 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)).  The decision whether to grant such a motion lies within the discretion of the district court.  *Intera Corp.*, 428 F.3d at 619-20.

### A.    Timing

Dotson's motion, filed on January 2, 2025, was filed outside the 28-day period of time stated in Rule 59(e).  Dotson addressed the timeliness issue in his filings.  Dotson stated he placed a copy of his motion in the prison mailbox on November 14, 2024.  (Doc. 7 at 20.)  On December 23, 2024, Dotson filed a notice indicating he received this mail "back from the prison mailroom, stating that 'Petitioner had insufficient funds for postage.'"  (Doc. 8 at 22.)  Dotson stated in a later notice that the prison's cashier's office acknowledged the determination he had insufficient funds for postage was "an error on their behalf."  (Doc. 9 at 24-25.)  Dotson included a form, presumably from the prison's mailroom or cashier's office, that shows a piece of mail dated November 14, 2024, was returned for "insufficient funds."  (Doc. 9-1 at 28.)  The form appears to indicate Dotson's motion was presented for mailing on November 14, 2024.  (*See id.*)  The envelope in which his motion arrived at the Court shows it was postmarked December 26, 2024.  (Doc. 7-1.)

May did not contest the timeliness of Dotson's motion.  (*See* Doc. 13.)  Based on the information Dotson provided in his filings and because timeliness is not challenged, the Court will proceed to the merits of the motion.

### B.    Merits

Dotson's Amended Petition presented one ground for relief: his due process rights were violated during the RIB's disciplinary hearing because the board "failed to independently [assess] the evidence and the reliability of the confidential informants," "relied on third party

information," and "misled one of Dotson's witnesses." (Doc. 3 at 10.) Dotson's petition was dismissed without prejudice because his claim was not exhausted. (*See* Doc. 5.) In the instant motion, Dotson argued the impossibility of any appeal means his claim is exhausted for the purpose of pursuing federal habeas relief. (Doc. 7 at 20.) Although not expressly stated, Dotson's motion appears to assert entitlement to Rule 59(e) relief based on a misinterpretation of available administrative remedies and to prevent a miscarriage of justice.

Ohio Administrative Code § 5120-9-08 outlines disciplinary procedures for violations before the Rules Infraction Board. Subsection O allows an inmate to appeal to the RIB's managing officer "by submitting the form designated for that purpose to the managing officer or designee within seven calendar days from the inmate's receipt of the RIB panel's disposition." Ohio Admin. Code § 5120-9-08(O). Under Subsection P, "[a]n inmate may appeal the decision of the managing officer or designee by submitting the form designated for that purpose to the chief legal counsel within fourteen calendar days from the inmate's receipt of the managing officer or designee's appeal decision." Ohio Admin. Code § 5120-9-08(P).

Dotson's Amended Petition did not state he appealed to the managing officer as provided by Subsection O. (Doc. 3.) Dotson similarly provided no information for the Court to find he presented an appeal to the chief legal counsel as provided by Subsection P. (*See id.*) Federal habeas relief remains unavailable to Dotson at this time because he has not exhausted administrative procedures available to him.

Simply stated, Dotson has not met his burden of demonstrating he is entitled to relief pursuant to Rule 59(e).

## III.   <u>CONCLUSION</u>

For these reasons, *pro se* petitioner David L. Dotson's Motion to Alter/Amend Judgment

(Doc. 7) is DENIED.

**IT IS SO ORDERED.**

Date: June 26, 2025

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE